UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

WILMINGTON TRUST, NATIONAL
ASSOCIATION, as Trustee,

                    Plaintiff,                              22-CV-6177 (JPO)

             -v-                                     OPINION AND ORDER

JACK RAFIQ,

                    Defendant.
─────────────────────────────────────────

J. PAUL OETKEN, District Judge:

      Plaintiff Wilmington Trust, National Association ("Wilmington Trust"), brings this action in its capacity as Trustee for the benefit of the registered holders of GS Mortgage Securities Trust 2021-GSA3, Commercial Mortgage Pass-Through Certificates, Series 2021-GSA3 (the "Lender") and acting through its special servicer Argentic Services Company LP, against Defendant Jack Rafiq ("Rafiq"). Presently before the Court are two motions: (1) Wilmington Trust's motion for default judgment against Rafiq (ECF No. 21), and (2) Rafiq's motion to set aside the order deeming him served (ECF No. 29).

**I.    Background**

      Wilmington Trust filed this lawsuit on July 20, 2022, to recover amounts owed to it under a guaranty ("the Guaranty") executed by Rafiq, as a condition for a Loan to JAX Properties, LLC (the "Borrower") in the original principal amount of $7,150,000. (ECF No. 1 ("Compl.") ¶ 8.) The Loan was secured by a Deed of Trust covering real and personal property located at 630 & 636 C Street in San Diego, California (the "Property"). (Compl. ¶ 10.)

      Wilmington Trust made several attempts to serve the complaint. (ECF Nos. 7-1, 7-2, 7-4.) On August 17, 2022, Wilmington Trust filed a motion for an order deeming Rafiq served or, in the alternative, providing for alternate service. (ECF No. 7.) On August 24, 2022, this Court

granted the motion deeming Rafiq served as of August 11, 2022. (ECF No. 8.) On September 30, 2022, the Clerk of Court entered a certificate of default. (ECF No. 20.) On November 7, 2022, Wilmington Trust filed its motion for default judgment and supporting papers. (ECF Nos. 21-24.) On November 11, 2022, Wilmington Trust filed an affidavit of service of its Notice of Motion for Default Judgment. (ECF No. 25.)

On January 13, 2023, Rafiq filed a motion to set aside the order deeming him served and a response in opposition to Wilmington Trust's motion for default judgment. (ECF Nos. 29, 30.) Wilmington Trust then filed a reply in support of its motion for default judgment (ECF No. 31), and a response in opposition to Rafiq's motion to set aside the order deeming him served (ECF No. 32). Rafiq filed replies to both motions. (ECF Nos. 33, 35.)

## II.     Legal Standard

### A.     Federal Rule of Civil Procedure 60(b)(6)

Rafiq brings his motion to set aside the order deeming him served under Federal Rule of Civil Procedure 60(b)(6), which provides that a district court may grant a motion for relief from a judgment for "any other reason justifying relief from the operation of the judgment[.]" Fed. R. Civ. P. 60(b)(6). This provision "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Id.* at 61 (internal citations omitted). Rule 60(b) "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Id.* (internal citations omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.* (internal citations omitted). "The standard for granting motions

pursuant to Rule 60(b) is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 92 (2d Cir. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

B.  **Federal Rule of Civil Procedure 55(c)**

Federal Rule of Civil Procedure 55(c) allows courts to set aside entry of default only for "good cause." Fed. R. Civ. P. 55(c). "The Second Circuit has 'established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.'" *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "These criteria are: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Id.* (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)). "Of these factors, willfulness carries the most weight." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). "The movant bears the burden of demonstrating good cause for setting aside the default." *State Univ. of New York v. Triple O, LLC*, No. 21-2116-CV, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

III.  **Discussion**

A.  **Whether Service was Proper**

Rafiq argues that service of the summons and complaint was improper. Pursuant to Fed. R. Civ. P. 4(e)(1), Wilmington Trust was permitted to use any form of service contemplated by the State of California, which is the state in which Rafiq resides and where the purported service took place. California Code of Civil Procedure Section 415.20, states that if a plaintiff is unable

to personally deliver a copy of the summons and complaint "with reasonable diligence," Rule 415.20 allows service:

> by leaving a copy of the summons and complaint at the person's . . . usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent . . . person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc., § 415.20(b).

On July 29, 2022, a process server for Wilmington Trust attempted to serve Rafiq at the Property and left the Summons and Complaint with a security guard who was, upon information and belief, at least 18 years of age.  Then, on August 1, 2022, the process server mailed a copy of the Summons and Complaint via first-class mail, postage prepaid.  Pursuant to California Code of Civil Procedure Section 415.20(b), service is deemed complete 10 days after the mailing.  Accordingly, this Court deemed Rafiq served on August 11, 2022.  (ECF No. 8).

Rafiq argues that this service at the Property was improper pursuant to California Code of Civil Procedure Section 415.20(b) for two reasons:  first, that the "Jane Doe" security guard is not a person apparently in charge of Rafiq's office or place of business; and second, that Wilmington Trust was on notice that the Property was condemned and abandoned.  (ECF No. 29-1 at 4.)

The Court rejects Rafiq's first argument.  California courts have found security guards to be "people apparently in charge." *See, e.g., JDP Forensic Accounting v. Deen* (Feb. 26, 2021) 2021 Cal. Super. LEXIS 341, at *3-4 (where plaintiff properly served defendants by leaving a

copy with the security guard and mailing a copy); *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal. App. 4th 1387, 1391-92, 8 Cal. Rptr. 2d 351 (proper service on a guard at a gated community). Rafiq's argument that his "office or place of business if he had one at said location would be inside the building not outside the building where the security guard always remained" is unavailing. (ECF No 29-1 at 4.)

Rafiq's second argument regarding the state of the Property is also unavailing because Rafiq designated that address as his notice address in the Guaranty. (ECF 24-6 at 9.) Thus, Wilmington Trust was acting in accordance with the Guaranty document, which *requires* Wilmington to serve Rafiq at his designated notice address. The Guaranty also states that notice to this designated address shall be "deemed given . . . in the case of registered or certified mail, when delivered or the first attempted delivery on a Business Day; or in the case of overnight delivery, upon the first attempted delivery on a Business Day." *Id.*

The Court concludes that Wilmington properly served Rafiq under California Code of Civil Procedure Section 415.20 when Wilmington left documents with the "Jane Doe" security guard as a "person apparently in charge" at the Property and thereafter mailed a copy of the summons and of the complaint by first-class mail, postage prepaid, to the Property.

Moreover, given Rafiq's efforts to evade service (discussed further below), there was good cause to permit alternative service by email, as this Court did by order dated August 24, 2022. (ECF No. 8.) Rafiq has not established a basis under Rule 60(b)(6) or otherwise to set aside that order.

B. **Relief From Default and Default Judgment**

As noted above, Federal Rule 55(c) allows courts to set aside entry of default only for "good cause," and that inquiry turns on (1) the willfulness of default, (2) the existence of any

meritorious defenses, and (3) prejudice to the non-defaulting party. The Court turns to those criteria.

### 1. Willfulness

In the context of a default, the Second Circuit defines "'willfulness' to include 'conduct that is more than merely negligent or careless,' such as where the behavior 'was egregious and was not satisfactorily explained.'" *Triple O, LLC*, 2022 WL 14177198, at *3 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).) That standard is met where a party "ignore[es] the complaint for several months and default[s]." *Id.*

The parties dispute the facts surrounding whether Rafiq willfully evaded service. (ECF No. 31-1.) In addition to serving Rafiq at his designated address pursuant to the Guaranty document, Wilmington Trust attempted to personally serve Rafiq on several other occasions, including at several other addresses and via email. (ECF Nos. 7-1, 7-2, 7-4.)

On the record, Wilmington Trust has "submitted valid affidavits of service, which constitute a prima facie case of proper service." *Old Republic Ins. Co. v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Nyctl 1997-1 Trust v. Nillas*, 288 A.D.2d 279 (2001)). Rafiq has filed "a sworn denial of receipt of service" (Decl. Rafiq), which "rebuts the presumption of proper service." *Id.*; *see also Weingeist*, 2022 WL 970589, at *10.

Rafiq's reasons for failing to accept service are not satisfactorily explained. On one such instance, counsel for Wilmington Trust had a phone conversation with Rafiq, during which counsel notified Rafiq that Wilmington Trust was attempting to serve him, and the two coordinated a meeting between Rafiq and the process server for the following day at the Property. (ECF No. 7-3 ("Decl. Dal Col") ¶ 2.) However, Rafiq failed to meet the process

6

server, and declined to answer his phone. (Decl. Dal Col ¶ 3.) Rafiq's only explanation is that he "does not recall" this conversation. (Decl. Rafiq ¶ 10.)

Rafiq also claims that he did not receive Wilmington Trust's service by email because Rafiq "does not rely on email" and is "unfamiliar with the workings of email." (ECF No. 29.) However, Wilmington Trust offers evidence showing that Rafiq has responded to prior email communications and has competently engaged in such communications. (ECF Nos. 31-14.)

The Court concludes that Rafiq's conduct was more than "merely negligent or careless" and instead was "was egregious and was not satisfactorily explained." *Triple O, LLC*, 2022 WL 14177198, at *3. The Court finds that Rafiq intentionally and repeatedly evaded service of the Summons and Complaint in this case. Rafiq "ignored the complaint for several months." *Id*. The Court concludes that Rafiq's default was willful.

### 2. The Existence of a Meritorious Defense

Under the second factor, "[i]n order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Triple O, LLC*, 2022 WL 14177198, at *3 (quoting *McNulty*, 137 F.3d at 740). "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id*. "The defaulting defendant 'need only meet a low threshold to satisfy this factor.'" *Gench v. HostGator.com LLC*, No. 14-CV-3592 (RA) (GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110

(E.D.N.Y. 2014)); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (a defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Rafiq does not raise any merits defense in his opposition to Wilmington Trust's motion for default judgment — despite the fact that the three-factor standard for opposing a default judgment in the Second Circuit is well established. Rafiq does mention a purported defense for the first time in his reply in support of his motion to set aside the order deeming him served. (ECF No. 33.) However, "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)).

Regardless, Rafiq fails to assert an even arguably meritorious defense. As he puts it, his "defense to the Guaranty is the violation of his Fourteenth Amendment rights by the City of San Diego by taking his property without due process. . . . But for the City of San Diego's unlawful conduct, Defendant would not have defaulted on his loan." (ECF No. 33 at 4.) He does not explain how the City's conduct with respect to his property or "due process" somehow provides a defense that is pertinent to his duties under the Guaranty. Indeed, Rafiq has not disputed the Borrower's failure to pay under the Loan or his failure to pay under the Guaranty.

Rafiq also asserts that he "has a meritorious defense against [Wilmington Trust] and will be filing a cross-complaint [*sic*] against [Wilmington Trust] in his Answer for improper service which is also a violation of Defendant's Fourteenth Amendment constitutional right." (*Id.*) Again, Rafiq fails to explain how improper service provides a complete defense on the merits to his obligations under the Guaranty. And for the reasons discussed above, his arguments regarding service lack merit.

### 3. Prejudice to the Non-Defaulting Party

"As to the final factor, prejudice, the Second Circuit has made clear that 'delay standing alone does not establish prejudice' in the context of a request to set aside an entry of default." *Strulowitz v. Flavor Boutique 796 Inc.*, No. 18-CV-8382 (AJN), 2020 WL 2749564, at *3 (S.D.N.Y. May 26, 2020) (citing *Enron Oi Corp.*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted)). Wilmington Trust states that it would be prejudiced by a vacatur of the default "in light of the time, effort, and expense [Wilmington Trust] has already incurred in merely trying to serve [Rafiq]" and that vacating the default would provide Rafiq with "greater opportunity for fraud and collusion." (ECF No. 31 sat 10.) Given the evidence of Rafiq's evasion of service, the pattern of obfuscation and delay, and the evidence of a possible transfer of significant assets of the Borrower to a family member of Rafiq on the eve of a bankruptcy filing (see ECF No. 38 at 4 – 6; Rickert Decl. ¶¶ 26 – 29), the Court finds that setting aside the default would prejudice Wilmington Trust beyond mere delay.

### 4. Balance of the Factors

In the Second Circuit, there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp.*, 10 F.3d at 95. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. Here, all of the factors weigh in favor of maintaining the default and granting default judgment. Most importantly, Rafiq's default was willful, he intentionally evaded service in this case, and he has suggested no meritorious defense.

### IV. Conclusion

For the foregoing reasons, Rafiq's motion to set aside the order deeming him served (ECF No. 29) is DENIED, and Wilmington Trust's motion for default judgment (ECF No. 21) is GRANTED.

Wilmington Trust is directed to submit a proposed judgment specifying the total amount of principal, interest, attorneys' fees, and costs incurred, or a letter indicating that it wishes to rest on the information provided in ECF No. 23, in which case final judgment will be entered in the amount of $8,238,228.48.

The Clerk of Court is directed to close the motions at Docket Numbers 21 and 29.

SO ORDERED.

Dated: September 26, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge